# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) No. 3:19-CR-37 |
| | ) Judge Crytzer/Guyton |
| v. | ) |
| | ) |
| MARTEL D. DUNN, | ) |
|    Also known as "Martel D. Harris," and | ) |
| SHARISA W. MCCLAIN, | ) |
| | ) |
| Defendants. | ) |

## FINAL ORDER OF FORFEITURE

On October 1, 2019, a Superseding Indictment [Doc. 29] was filed charging the Defendant, Sharisa W. McClain (hereinafter, "Defendant McClain"), with possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four), among other charges. Defendant, Martel D. Dunn (hereinafter, "Defendant Dunn"), was charged with being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) (Count Five), among other charges.

In the forfeiture allegations of the Superseding Indictment[1] [*Id.*], the United States sought forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), of the interest of the

---

[1] A Motion to Amend [Doc. 30] was filed on January 21, 2020 to correct a name listed in the forfeiture allegations. A Memorandum and Order [Doc. 34] was entered on January 28, 2020 granting the motion to amend the Defendants' names and ordering that a Bill of Particulars containing the amended forfeiture allegations be filed within thirty (30) days of the entry of the Memorandum and Order. A Bill of Particulars [Doc. 35] was filed on February 7, 2020.

Defendants in any firearms and ammunition involved in or used in the commission of the offenses as set forth in the Superseding Indictment.

A Plea Agreement [Doc. 31] was filed on January 27, 2020 for Defendant Dunn. On, February 13, 2020, Defendant Dunn pled guilty to Count Five of the Superseding Indictment and agreed to facts sufficient to support the plea, and forfeiture as ordered by the Court. A Plea Agreement [Doc. 40] was filed on February 21, 2020 for Defendant McClain. On December 2, 2020, Defendant McClain pled guilty to Count Four, in addition to another count, of the Superseding Indictment and agreed to facts sufficient to support the plea, and forfeiture as ordered by the Court. Based upon the guilty pleas of the Defendants, on February 21, 2020 and December 2, 2020, this Court entered Agreed Preliminary Orders of Forfeiture [Docs. 39 and 63] forfeiting to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the interest of the Defendants in the properties as referenced in the Agreed Preliminary Orders of Forfeiture.

Pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), and the Agreed Preliminary Order of Forfeiture for Defendant Dunn, notice of forfeiture as to the properties described below was published on an official Government website (www.forfeiture.gov) for at least 30 consecutive days, beginning on April 9, 2020, and ending on May 8, 2020. A Declaration of Publication [Doc. 56] was filed with the Clerk of this Court on June 18, 2020. Notice of forfeiture for Defendant McClain was published on an official Government website (www.forfeiture.gov) for at least 30 consecutive days, beginning on March 2, 2021, and ending on March 31, 2021. A Declaration of Publication [Doc. 76] was filed with the Clerk of this Court on April 19, 2021.

The Notice of Forfeiture [Docs. 44 and 66] advised that any persons, other than the Defendants, having or claiming a legal interest in the properties described below, were required to file a petition with the Court within sixty (60) days of the first date of publication of the Notice on the official Government website, pursuant to Federal Rule of Criminal Procedure 32.2, and 21 U.S.C. § 853(n). The Notice further provided that the petition be filed with the Clerk of the Court. It also required that the petition be signed by the petitioner under penalty of perjury and set forth the nature and extent of the petitioner's right, title, or interest in the properties and any additional facts supporting the petitioner's claim and the relief sought. *See* 21 U.S.C. § 853(n).

Jessie Gowan (hereinafter "Gowan") filed a Claim on May 19, 2021 [Doc. 82][2] in regard to the Ruger .357 Magnum revolver, Model Ruger LCR, SN: 54610538. On June 2, 2021, the United States filed a Response [Doc. 84] recognizing that Gowan has a valid interest in the firearm. Upon completion of the criminal case, and determination of the Federal Bureau of Investigation that Gowan is not prohibited from possessing a firearm, the firearm will be returned to Gowan.

William Hicks (hereinafter "Hicks") filed a Claim on May 19, 2021 [Doc. 83] in regard to the EAA Tanfoglio 9mm pistol, Model Witness, SN: MT34446. On June 2, 2021, the United States filed a Response [Doc. 85] recognizing that Hicks has a valid interest in the firearm. Upon completion of the criminal case, and determination of the Federal Bureau of Investigation that Hicks is not prohibited from possessing a firearm, the firearm will be returned to Hicks.

No other claims have been filed as to the properties described herein.

---

[2] The Claim was file-stamped on May 18, 2021 and entered in ECF on May 19, 2021.

The Court sentenced Defendant Dunn on June 15, 2020 and entered a Judgment [Doc. 54] on June 16, 2020. The Court sentenced Defendant McClain on April 20, 2021 and entered a Judgment [Doc. 80] on April 20, 2021. The Judgments state the Defendants shall forfeit the properties as listed in the Agreed Preliminary Order of Forfeiture. The fourteen-day period in which to file a notice of appeal has expired and no notice has been filed.

It is therefore, ORDERED, ADJUDGED, and DECREED that:

1. The following properties are hereby forfeited to the United States for disposition, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b):

    (a) Remington .30-06 rifle, Model 742 Woodmaster, SN: 7163972;

    (b) Mossberg 12 gauge shotgun, Model 500, SN: T045424;

    (c) FIE .22 caliber revolver, Model E15, SN: 23081; and

    (d) Smith and Wesson .357 Magnum revolver, Model 360 PD, SN: CXX9190.

2. The Federal Bureau of Investigation, or its designated representative, shall dispose of the forfeited properties according to law.

3. The Ruger .357 Magnum revolver, Model Ruger LCR, SN: 54610538 will be returned to Jessie Gowan, after determination of the Federal Bureau of Investigation that Gowan is not prohibited from possessing a firearm

4. The EAA Tanfoglio 9mm pistol, Model Witness, SN: MT34446 will be returned to William Hicks, after determination of the Federal Bureau of Investigation that Hicks is not prohibited from possessing a firearm.

5. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

ENTER:

*signature*

KATHERINE A. CRYTZER
UNITED STATES DISTRICT JUDGE

Submitted by:

FRANCIS M. HAMILTON III
Acting United States Attorney


By: *s/Brent N. Jones*
BRENT N. JONES
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 225-1682
brent.jones@usdoj.gov
TN Bar No.: 025946